UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **KIMBERLY BADY AND JASON D. ARCHER - TRUSTEE,** §§§§<br>  Plaintiffs, | |
| v. | **CIVIL ACTION NO. 4:17-cv-3494** |
| **JPMORGAN CHASE BANK, N.A.,** §§§§<br>  Defendant. | |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT**

Defendant JPMorgan Chase Bank, N.A. (JPMC) files its Motion to Dismiss Plaintiffs' Complaint and Brief in Support, and shows as follows:

**I.
NATURE AND STAGE OF THE PROCEEDING**

This is the second suit filed by Plaintiffs Kimberly Bady and Jason D. Archer, Trustee to delay foreclosure of certain real property. In February 2017, Plaintiffs filed a suit with strikingly similar allegations which was removed to this court and assigned no. H-17-1019 (the Prior Suit). Following an initial conference, Plaintiffs were permitted to amend and filed an amended complaint on July 14, 2017, again asserting claims similar to those asserted here. On September 8, 2017,

Judge Rosenthal granted JPMC's motion to dismiss the amended complaint and entered final judgment dismissing the Prior Suit with prejudice.

Just sixty days later, Plaintiffs filed the present suit, asserting claims similar to those asserted in the Prior Suit. Doc. 1-1, p. 9. JPMC timely removed. Doc. 1.

Plaintiff Kimberly Bady is the borrower under the subject loan and the former owner of the Property. Doc. 1-1, p. 10-11, ¶7, ¶11. Bady alleges in October 2016 she requested and was approved for a loan modification. *Id.* at ¶9. Despite the modification, she again had financial difficulties in January 2017 and alleged she again contacted JPMC regarding a loan modification agreement. *Id.* Bady alleges that she was "guaranteed that they would be successful in accomplishing her loan modification and assured her that they would take no action to foreclose on her loan." *Id.* Bady claims that she submitted a complete loan modification application on January 17, 2017. *Id.* Bady alleges she sold the Property to Saddlebrook Village Trust, Jason D. Archer Trustee in January 2017. *Id.* at ¶10; Exhibit B. Despite the intervening lawsuit (which Plaintiffs fail to mention), Bady claims she was surprised when she received a notice filed August 25, 2017 indicating that the Property would be foreclosed November 7, 2017. *Id*, p. 11 ¶10, p. 22

Plaintiffs assert claims for breach of contract, fraud, promissory estoppel, attempted wrongful foreclosure and violation of RESPA. Doc. 1-1, p. 12-15.

Plaintiffs' claims are based upon the contention that a JPMC representative represented to Bady that no action would be taken to foreclose while negotiations regarding the second modification of the loan were ongoing. Plaintiffs assert no viable cause of action or cognizable claim by which they may be entitled to relief. Plaintiffs' claims are all barred by the res judicata and the statute of frauds, among other things. Consequently, Plaintiffs' Complaint should be dismissed in its entirety under Federal Rules of Civil Procedure 8 and 12(b)(6).

## II.
## ARGUMENT AND AUTHORITIES

### A.   Standard for dismissal under Rule 12(b)(6).

To survive a motion to dismiss based on Rule 12(b)(6), a plaintiff must plead sufficient facts to state "a legally cognizable claim that is plausible." *Lone Star Fund V (U.S.), L.P. v. Barclay's Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The pleading standard set forth by the United States Supreme Court does not "require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal citations omitted). While a court must accept all of the plaintiff's allegations as true, it is not

bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

**B.     Request for judicial notice.**

"When reviewing a motion to dismiss, a district court 'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*; s*ee e.g.*, *Maldonado v. Citimortgage, Inc.*, CV H-15-120, 2016 WL 6909294, at *3 n.7 (S.D. Tex. Mar. 16, 2016) (taking judicial notice of real property records in motion to dismiss context).

JPMC requests the Court to take judicial notice of the following documents that are available in the public record:

> Exhibit A:   Certified copy of the October 30, 2008 Deed of Trust executed by Kimberly Bady encumbering the Property;
>
> Exhibit B:   Certified copy of the January 19, 2017 Special Warranty Deed conveying the Property from Bady to Saddlebrook Village Trust;
>
> Exhibit C:   Original Petition filed by Plaintiffs in the Prior Suit;

  Exhibit D: First Amended Petition filed by Plaintiffs in the Prior Suit;

  Exhibit E ECF entry in Prior Suit memorializing granting of motion to dismiss;

  Exhibit F: Final Judgment entered in Prior Suit.

### C.  Plaintiffs' claims are barred by res judicata.

The doctrine of res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *United States v. Davenport*, 484 F.3d 321, 325-26 (5th Cir. 2007). "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Houston Prof'l Towing Ass'n v. City of Houston*, 812 F.3d 443, 447 (5th Cir. 2016). "The test for res judicata [under federal law] has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.*

Plaintiffs' claims are based on alleged oral statements allegedly made and modification applications allegedly submitted in January 2017. Under the transactional test, Plaintiffs are precluded from asserting any claims relating to those transactions. For example, if Plaintiffs were unable to establish a claim for dual tracking in the Prior Suit, as evidenced by the fact that the dual tracking claim was dismissed with prejudice, Plaintiffs cannot rely on a loan modification application allegedly submitted prior to the filing of the Amended Complaint in the Prior Suit to support a dual tracking claim here. Similarly, no other causes of action can be premised on the conduct that allegedly occurred in January 2017.

In addition, prior to the previously scheduled foreclosure, notice of intent and notice of acceleration were required to have been given. Those notices would still be effective for the November foreclosure. As a result, because the foreclosure was the subject of the Prior Suit, all claims relating to the foreclosure, including claims based on a lack of the notice of default and notice of acceleration are barred in this suit. Accordingly, all claims asserted by Plaintiffs are barred by res judicata.

### D.  Plaintiffs' claims are barred by the statute of frauds.

Plaintiffs' claims for breach of contract, fraud and promissory estoppel are all premised on an alleged oral promise to delay foreclosure and modify Bady's loan. The loan had an original principal balance of $133,394. Doc. 1-1, p. 10 ¶7. In Texas, a loan agreement for more than $50,000 is not enforceable unless it is in

writing and signed by the party to be bound. TEX. BUS. & COM. CODE § 26.02(b). Similarly, any agreement modifying such a loan is subject to the same statute of frauds. *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). "An agreement regarding the transfer of the property or modification of a loan must therefore be in writing to be valid." *Id.* Likewise, "[a]n agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable." *Milton v. U.S. Bank Nat. Ass'n*, 508 F. Appx.x 326, 328–29 (5th Cir. 2013); *see also Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 241 (5th Cir. 2014); *Hua v. Wells Fargo Bank, N.A.*, No. H-14-2427, 2014 WL 5877909 (S.D. Tex. Nov. 11, 2014) (dismissing breach of contract, fraud and promissory estoppel claims asserted by Plaintiffs' counsel).

The application of the statute of frauds is not limited to breach of contract claims and instead will also bar fraud and promissory estoppel claims under the allegations asserted by Plaintiffs. "Where a contract claim (as here) is barred by the statute of frauds, an alternative claim of promissory estoppel requires the plaintiff to show not only that the defendant made a promise upon which he relied, but also that the defendant promised to sign a written document complying with the statute of frauds." *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 Fed. Appx. 240, 248-49 (5th Cir. 2015). Thus, in order for a claim for promissory estoppel to avoid the impact of the statute of frauds, "there must have been a promise to sign a written

contract which had been prepared and which would satisfy the requirements of the statute of frauds." *Martins*, 722 F.3d at 256–57 (5th Cir. 2013). This requires a separate promise from the original promise to postpone the foreclosure. *Id.* In addition, tort claims like fraud cannot be used to circumvent the statute of frauds. "When tort claims have their nucleus in an alleged oral contract which is unenforceable under the statute of frauds, the statute of frauds bars the tort claims as well." *Foster v. Bank One Texas* NA, 54 Fed. Appx. 592, *3 (5th Cir. 2002) (quoting *Maginn v. Norwest Mortg. Inc.*, 919 S.W.2d 164, 169 (Tex. App.—Austin 1996, no writ); *see also Hua*, 2014 WL 5877909 at *2 (dismissing fraud claim based on unenforceable promise to delay foreclosure).

Here, Plaintiffs' claims for breach of contract, fraud and promissory estoppel are premised on an alleged oral promise to delay foreclosure or modify the loan. Plaintiffs do not allege that JPMC signed a written agreement to postpone foreclosure or modify the loan. In addition, Plaintiffs do not alleged that JPMC promised to sign a presently prepared document agreeing to delay foreclosure or modify the loan comporting with the statute of frauds. As a result, all of Plaintiffs' claims premised on an alleged oral promises, including their claims for breach of contract, fraud and promissory estoppel, are barred by the statute of frauds.

**E. Even if the statute of frauds did not apply, Plaintiffs' breach of contract claim fails as a matter of law.**

Under Texas law, a plaintiff alleging a breach of contract must show (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from that breach." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. Feb. 26, 2016). "A plaintiff must allege her own performance, because 'a party to a contract who is [herself] in default cannot maintain a suit for its breach.'" *Id.*

Here, there is no allegation that Bady herself was not in breach of the loan agreements. Instead, the allegations are that she sustained financial difficulties and could no longer afford the loan. Under similar circumstances, the Fifth Circuit has affirmed dismissal of breach of contract claims. *Villarreal*, 814 F.3d at 767 (affirming dismissal of breach of contract claim where borrower under loan was herself in default of the loan because she failed to make all payments as they became due). In addition, under the terms of the Deed of Trust, Bady is in default upon her sale of the property to a third party. Ex. A, ¶ 9. Bady admits selling the property to a third party in January. Doc. 1-1, p. 11 ¶11, Ex. B. That breach separate and apart from the payment default would also undermine any possibility of modifying the loan as Bady no longer owns the Property and therefore cannot agree to modify the loan encumbering said Property.

In addition, there is no allegation that there was a valid, existing contract to postpone foreclosure. The alleged promise to delay foreclosure was not supported by separate consideration. As pleaded, there also is no allegation of breach by JPMC or damages sustained by Plaintiffs. The alleged promise was that JPMC would not foreclose. Because JPMC has not foreclosed, there is no breach of that alleged promise. Moreover, because no foreclosure has occurred, Plaintiffs have not sustained damages as a result of the alleged breach. For all of these reasons, and because of the application of the statute of frauds as discussed above, Plaintiffs' breach of contract claim should be dismissed with prejudice.

F.  **Even if the statute of frauds did not apply, Plaintiffs fail to state a viable fraud claim.**

The elements of common-law fraud are (1) the defendant made a material representation to the plaintiff; (2) the representation was false; (3) the defendant knew the representation was false or made the misrepresentation recklessly, without knowledge of the truth; (4) the defendant intended for the plaintiff to act on the misrepresentation; (5) the plaintiff acted on the misrepresentation; and (6) the plaintiff incurred damages. *In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). If the representation pertains to future performance, the plaintiff must also establish that the promise was made with no intention of performing at the time it was made. *Formosa Plastics Corp. USA v. Presidio Engineers & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

A common law fraud claim must satisfy a heightened pleading standard, which Plaintiffs' Complaint utterly fails to meet. *See* FED. R. CIV. P. 9 (b); *Benchmark Elecs., Inc. v. J.W. Huber Corp.,* 343 F.3d 719, 724 (5th Cir. 2003); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). To sufficiently plead a fraud claim, Plaintiffs must specify the time, place, and content of the misrepresentation, as well as the identity of the speaker and what benefit the speaker gained from the misrepresentation. *Williams*, 112 F.3d at 177-78.

Here, Plaintiffs do not identify a single misrepresentation they allege JPMC made with the specificity demanded by Rule 9(b). Instead, Plaintiffs generally allege that Sharon Schwartz, allegedly a representative of JPMC "guaranteed here that they would be successful at accomplishing her loan modification and assured her that they would take no further action to foreclose on her home." Doc. 1-1, p. 11 ¶9. While Plaintiffs identify the speaker, they fail to explain when this representation was made and what benefit JPMC gained by telling Plaintiffs that the foreclosure would be postponed. In addition, there are no factual allegations to support the boilerplate allegations that the representation was false when made or that JPMC intended not to perform when the alleged representation was made.

Likewise, Plaintiffs' Complaint is devoid of any fact that would show Plaintiffs relied on any false representation. The bare assertion that "Bady relied on these representations" is insufficient. *Iqbal*, 556 U.S. at 678. Plaintiffs do not

allege that Bady could have brought the loan current to prevent the foreclosure. Indeed, the fact that Bady conveyed the Property to Saddlebrook Village Trust, via a Special Warranty Deed executed January 19, 2017 establishes that she did not rely on any alleged representations. Plaintiffs cannot allege or show reliance. Moreover, because the foreclosure sale did not occur, Plaintiffs cannot allege that they sustained damage as a result of the alleged fraud.

Plaintiffs fail to allege facts satisfying the basic elements of a fraud claim, let alone the requirements of Rule 9(b). Plaintiff's fraud claim should be dismissed.

### G. Even if the statute of frauds did not apply, Plaintiffs fail to state a viable promissory estoppel claim.

A cause of action for promissory estoppel requires: (1) a promise by the defendant; (2) foreseeable and actual reliance on the promise by the plaintiff to her detriment; and (3) that enforcement of the promise be necessary to avoid an injustice. *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 Fed. Appx. 240, 248 (5th Cir. 2015). "To support a finding of promissory estoppel, the asserted promise must be sufficiently specific and definite that it would be reasonable and justified for the promisee to rely upon it as a commitment to future action." *Id.*

Likewise, Plaintiffs' Complaint is devoid of any fact that would show they relied on any alleged promise to her detriment. The bare assertion that "Bady reasonably and substantially relied on the promise to her detriment" is insufficient. *Iqbal*, 556 U.S. at 678. Plaintiffs do not allege that Bady could have brought the

loan current to prevent the foreclosure. Even if this vague statement occurred, Plaintiffs cannot allege or show reliance. Indeed, the fact that Bady conveyed the Property to Saddlebrook Village Trust, via a Special Warranty Deed executed January 19, 2017 establishes that she did not rely on any alleged representations. In addition, Plaintiffs filed a prior lawsuit in February 2017 precisely because they were not relying on any alleged representation by JPMC. That negates any reliance that could possibly have been placed on the earlier alleged statement. Accordingly, Plaintiffs have not stated a claim for promissory estoppel.

**H.     Plaintiffs fail to state a claim based on allegedly missing notices.**

Plaintiffs assert that JPMC is violating the Texas Property Code because Bady never "received" notice of default and notice of acceleration prior to foreclosure. Doc. 1-1, p. 11, ¶12, p. 13, ¶20-21.  Plaintiffs cannot state a claim premised on these allegations. Texas does not recognize a private cause of action for violation of the Texas Property Code. *Reed v. Bank of Am., N.A.*, CV H-15-2005, 2015 WL 7736642, at *4 (S.D. Tex. Nov. 30, 2015). Instead, a borrower's remedy is to assert a claim for wrongful foreclosure. *Green v. Wells Fargo Home Mortgage*, CV G-15-241, 2016 WL 3746276, at *2 (S.D. Tex. June 7, 2016), *report and recommendation adopted sub nom. Green v. Mortgage*, 3:15-CV-241, 2016 WL 3748505 (S.D. Tex. July 6, 2016).  Here, there cannot be any valid claim for wrongful foreclosure because no foreclosure has occurred and Texas does not

recognize a cause of action for attempted wrongful foreclosure. *Maldonado v. Wells Fargo Bank, N.A.*, CV H-16-3574, 2017 WL 4950063, at *4 (S.D. Tex. Nov. 1, 2017); *Tauriac v. Wells Fargo Bank, N.A.*, CV H-14-361, 2015 WL 12778643, at *3 (S.D. Tex. May 7, 2015) (Hittner, J.). Accordingly, Plaintiffs' claims premised on Bady's alleged failure to receive notice of default or notice of acceleration fail to support any valid claim under Texas law.

### I.    Plaintiffs fail to state a claim for dual tracking.

Plaintiff asserts a claim based on JPMC's alleged "dual tracking" of her loss mitigation application and foreclosure. Doc. 1-1, p. 14-15. As discussed above, because this claim is premised on a loan modification application allegedly submitted in January 2017, these claims are barred by res judicata.

Even if not barred by res judicata, Plaintiffs fail to state a claim. Under Regulation X, a loan servicer is prohibited from making the first notice of filing required by applicable law for any judicial or non-judicial foreclosure if a borrower submits a complete loss mitigation application before the servicer has made the first notice or filing. 12 C.F.R. § 1024.41(f). The ensuing subsection qualifies that "[a] servicer is only required to comply with the requirements of this section for a single completed loss mitigation application for a borrower's mortgage loan account." *Id*. § 1024.41(i). Bady alleges that she applied for and was approved for a loan modification in October 2016. Doc. 1-1, p. 10 ¶9. Based on these

allegations, Bady already had one loss mitigation review and the regulations relating to dual tracking accordingly did not apply to the application allegedly submitted in January 2017. Therefore, Bady cannot state a claim for dual tracking.

Moreover, even if the regulations applied to the January 2017 application, to recover on a claim for dual tracking, a plaintiff must establish she has sustained actual damages as a result of the alleged dual tracking. *Obazee v. Bank of N.Y. Mellon,* No. 3:15–CV–1082–D, 2015 WL 4602971, at *4 (N.D. Tex. July 31, 2015); 12 C.F.R. §1024.41(a); 12 U.S.C, §2605(f). Here, Plaintiffs have not alleged how the alleged dual tracking violation caused them actual damages. It is difficult to see how damages could have been caused where Bady, the borrower, no longer owned the property and the foreclosure sale did not occur. As a result, Plaintiffs have failed to state a claim premised on the alleged dual tracking.

### J.     Plaintiff is not entitled to injunctive relief.

Under Texas law a request for injunctive relief absent a cause of action supporting entry of a judgment is defective and does not state a claim. *See Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 210 (Tex. 2002). Because Plaintiffs fail to state any plausible claim upon which relief may be granted, dismissal is also proper on Plaintiffs' request for injunctive relief. *See Bauer v. Texas,* 341 F.3d 352, 358 (5th Cir. 2003). Accordingly, Plaintiffs are not entitled to injunctive relief.

# IV.
# CONCLUSION

Defendant prays that the Court dismiss all causes of action asserted against it as Plaintiffs do not state a single cause of action upon which relief may be granted.

Respectfully submitted,

 */s/ Marcie L. Schout*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
MARCIE L. SCHOUT, of counsel
Texas Bar No. 24027960
S.D. Bar No. 34593
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas  75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
mschout@qslwm.com

**ATTORNEYS FOR DEFENDANT JPMORGAN CHASE BANK, N.A.**

## **CERTIFICATE OF SERVICE**

This is to certify that on November 20, 2017 a true and correct copy of the foregoing pleading has been furnished to Plaintiffs' counsel via ECF in accordance with the Federal Rules of Civil Procedure.

Robert C. Vilt
Vilt and Associates, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056

                                             */s/ Marcie L. Schout*
                                             Marcie L. Schout